IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

HANSEN-MUELLER CO.

    Plaintiff,

vs.

M/V SALAMINA 1, *in rem*,
BAUPRES SHIPPING LDA and
NAVESCO SA, *in personam*

    Defendants.

Civil Action No.: 2:23-cv-02058-DCN

**VERIFIED COMPLAINT**

COMES NOW, Hansen-Mueller Co., plaintiff, and complaining of Defendants shows this Honorable Court as follows:

## SUBJECT MATTER JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 (Admiralty) and requests a bench trial.

## APPLICABLE LAW

2. This action arises under and is governed by the General Maritime Law of the United States and Article III, Section 2 of the Constitution of the United States.

## PARTIES

3. At and during all times herein after mentioned, plaintiff Hansen-Mueller Co., was and now is a corporation organized and existing under Nebraska law with an office and principal place of business at 12231 Emmet Street, Suite 1, Omaha, NE 68164 and was the owner of a cargo of 11,273,820 pounds of US Soybean meal in bulk (the "Cargo") loaded aboard the M/V SALAMINA 1 in February 2023.

4.	At and during all material times hereinafter mentioned, the M/V SALAMINA 1 was and now is a Panama flagged bulk carrier, IMO No. 9567245 (the "Vessel") operating in international ocean carriage and accepted, received, loaded and carried the Cargo onboard in February 2023 and is, or will be, within the jurisdiction of this Honorable Court during the pendency of this Action.

5.	At and during all material times hereinafter mentioned, defendant Baupres Shipping Lda, was and now is a corporation organized and existing under foreign law with an office and principal place of business at c/o Navesco SA, 17 Piso, Torre Cusezar, Calle 116 7-15, Bogota, Columbia and was and now is the registered owner of the Vessel.

6.	At and during all material times hereinafter mentioned, defendant Navesco SA was and now is a corporation organized and existing under foreign law with an office and principal place of business at 17 Piso, Torre Cusezar, Calle 116 7-15, Bogota, Columbia and was and now is the commercial manager and/or operator of the Vessel.

## CLAIMS

### COUNT 1

7.	Plaintiff refers to an incorporates herein by reference each and every allegation of paragraphs 1 through 6 as though fully set forth at length.

8.	In or about February 2023, the Cargo was loaded aboard the Vessel in good order and condition which Defendants received, accepted and agreed to transport for certain consideration from Houston, Texas to Trinidad and Guyana.

9.	Once the Cargo was loaded, the Cargo could only be discharged upon presentation of duly endorsed original bills of lading.

10.	At all material times, Hansen-Mueller was the holder of the original bills of lading and has not authorized their release. Therefore, until the original bills of lading were released, the Cargo could not be lawfully discharged from the Vessel.

11. Despite never having received the original bills of lading, Defendants allowed the Cargo to be discharged at Trinidad and Guyana.

12. As a result, Defendants misdelivered the Cargo and deprived Plaintiff of its lawful ownership of the Cargo.

13. By reason of the premises, Defendants have breached their duties and obligations as carriers of the Cargo, misdelivered the Cargo, converted the Cargo, and were otherwise at fault.

14. Plaintiff has a maritime lien against the Vessel.

15. Plaintiff has sustained damage, as near as same can otherwise can be determined, in excess of $624,038.24.

## COUNT 2

16. Plaintiff refers to an incorporates herein by reference each and every allegation of paragraphs 1 through 15 as though fully set forth at length.

17. Upon information and belief, defendant Navesco SA, as commercial manager and/or operator of the Vessel, was negligent in that it failed to instruct and/or train the Vessel's Master or other Vessel personnel that the Cargo was not to be discharged unless original bills of lading were presented.

18. As a result of defendant Navseco's acts or omissions, despite never having received the original bills of lading, Defendants allowed the Cargo to be discharged at Trinidad and Guyana.

19. As a result, Defendants misdelivered the Cargo and deprived Plaintiff of its lawful ownership of the Cargo.

20. By reason of the premises, Defendants have breached their duties and obligations as carriers of the Cargo, misdelivered the Cargo, converted the Cargo, and were otherwise at fault.

21. Plaintiff has sustained damage, as near as same can otherwise can be determined, in excess of $624,038.24.

## COUNT 3

22. Plaintiff refers to an incorporates herein by reference each and every allegation of paragraphs 1 through 21 as though fully set forth at length.

23. Plaintiff has a maritime lien against the M/V SALAMINA 1 for its damages.

24. That as a result of Plaintiff's damages, they are entitled to an award of actual damages to be determined by the Court, pre-judgment interest from the date of the misdelivery of the Cargo and the costs of this action.

25. In order to enforce its maritime lien, Plaintiff has the right to arrest the M/V SALAMINA 1 and have it sold.

26. All and singular the foregoing premises are true and correct and within the Admiralty jurisdiction of this Honorable Court.

**PLAINTIFF'S PRAYER**

**WHEREFORE**, based on the foregoing, Plaintiff prays:

a. That its Complaint be deemed good and sufficient;

b. That process in due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations aforesaid;

c. That Plaintiff may have judgment in its favor against Defendants for all legal and allowable damages arising of the aforesaid matter, plus pre-judgment interest, post judgment interest, costs of this action and reasonable attorney's fees;

d. That the subject that process in dur form of law, according to the Federal Rules of Civil Procedure and Supplemental Rules of Admiralty and Maritime Claims, issue against the M/V SALAMINA 1, her engines, tackle, apparel etc., *in rem*, citing all persons having or claiming any interest therein to appear and answer all and singular, the matters aforesaid;

e. That Plaintiff's lien be declared valid on the whole of M/V SALAMINA 1;

      f.      That M/V SALAMINA 1 be condemned and sold free and clear of all liens and encumbrances to satisfy the judgment herein;

      g.      That Plaintiff's maritime lien on M/V SALAMINA 1 be recognized, enforced and paid be preference and priority over all other claimants and/or intervenors herein;

      h.      That all exert fees be taxed as costs; and

      i.      That this Honorable Court give Plaintiff such other and further relief, general and equitable that the justice in this cause may require, and to which it may otherwise be entitled.

Respectfully submitted,

BLUESTEIN LAW FIRM, P.A.

By: <u>s/ S. Scott Bluestein</u>
S. Scott Bluestein - Federal No. 6981
266 W Coleman Blvd., Ste. 103
Mount Pleasant, SC 29464
Telephone: 843-577-3092
Facsimile: 843-577-3093
E-mail: scott@boatinglaw.us

Attorney for Hansen-Mueller Co.

May 15, 2023
Charleston, South Carolina

STATE OF SOUTH CAROLINA    )
)
COUNTY OF CHARLESTON    )

## VERIFICATION

**COMES NOW**, S. Scott Bluestein, who deposes and says:

My name is S. Scott Bluestein, I am a citizen of the United States, over the age of 18, attorney for plaintiff in this civil action and of sound mind.

I. I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, except as to those matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

II. The sources of my information and the grounds of my belief are documents in my possession from the plaintiff.

III. I am executing this Verification due to Plaintiff not being located in Mount Pleasant, South Carolina at the time of the filing of this Verified Complaint.

IV. The source of my information and belief are statements made by representatives of plaintiff and documents provided by same.

V. To the best of my information, knowledge and belief, Navesco SA, and Baupres Shipping Lda, are foreign corporations. and

VI. Navesco SA, and Baupres Shipping Lda, are properly indebted to Plaintiff in the amount set forth in the Verified Complaint filed herein.

_____
S. SCOTT BLUESTEIN

Sworn to and subscribed before me
this 15th day of May, 2023.

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES: 09/21/2028